**Edita Vabalaite VITKAUSKAS and Arejas Vitkauskas, Plaintiffs,**

v.

**TYNEDALE SHIPPING CO., LTD., et al., Defendants.**

**No. 73 Civ. 5154.**

United States District Court,
S. D. New York.

June 29, 1976.

Francis J. Dooley, Orange, N. J., for plaintiffs.

McHugh, Heckman, Smith & Leonard, New York City, for defendants by James M. Leonard, New York City, of counsel.

### OPINION

WHITMAN KNAPP, District Judge.

As I indicated at the close of the trial, I found the defendants' medical testimony to be wholly persuasive and, insofar as it cannot be reconciled with such testimony offered by the plaintiff, I am constrained to reject the latter. But for the reservations stated below, this would leave us with a simple case of a broken ankle which was wholly healed within a period of four to five months after the accident. However, there is testimony of several friends of the plaintiff, all but one of whom (as indicated on the record at the close of trial) I found to be credible, to the effect that there was a distinct change in the plaintiff's personality after the accident, which change has given rise to considerable subjective complaint and suffering. Ordinarily, the defendants would be held totally responsible for such suffering. *Harris v. Norfolk Southern Railway* (4th Cir. 1963) 319 F.2d 493, 496; *Ferrara v. Galluchio* (1958) 5 N.Y.2d 16, 176 N.Y.S.2d 996, 152 N.E.2d 249, *Dulieu v. White & Sons* (1901) 2 K.B. 697. However, as indicated at the close of trial, my observation of the plaintiff on the witness stand together with the facts set forth in the defendants' proposed Findings 24–31 (as adopted by the Court) satisfy me that the major portion of this personality change and consequent suffering was produced by what—for want of a better term—might be described as litigational psychosis. In other words, plaintiff's desire to avenge herself for her injuries has induced her to conjure up and magnify the symptoms necessary for such purpose. While I have no doubt that the symptoms thus engendered cause the plaintiff distress, the question remains whether the Court should encourage this self-generating process.

We are, of course, bound by New York law. The only New York decision which we have been able to find which grapples with this problem is *Ryback v. Barocas* (Sup.Ct., N.Y.Co., 1962) 225 N.Y. S.2d 402, *mod.,* (1st Dept.1963) 18 A.D.2d 997, 238 N.Y.S.2d 716. The trial judge in that case was clearly of the view that suffering caused by what I have called litigational psychosis was chargeable to the tortfeasor. However, as I read the rather enigmatic Appellate Division opinion ordering a 66% reduction in the recovery, the appellate court came to an opposite conclusion. To put what appears to be the Appellate Division's holding into conventional tort language, that Court would seem to have found the plaintiff's desire for litigational victory to constitute an independent intervening cause.

We are, therefore, left with a situation where we have the above-described physical injury which was undoubtedly to some extent aggravated by emotional reactions independent of the litigation. In that connection, I am constrained to find that some of the plaintiff's testimony in this regard was consciously exaggerated at trial. I know of no formula by which the effect of litigation can be precisely evaluated. Having considered the precedents cited by both sides, and having taken into account the effects of inflation on those precedents, it is my conclusion that the plaintiff should be awarded the sum of $20,000.